UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Teresa Sullivan,

    Plaintiff,

    v.                                               Case No. 1:07cv331

Commissioner of Social Security,       Judge Michael R. Barrett

    Defendant.

## ORDER

Before the Court is the September 11, 2008 Magistrate Judge's Report & Recommendation ("R&R"). (Doc. 10)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff filed timely Objections to the R&R. (Doc. 14)

## I.   PROCEDURAL BACKGROUND

Plaintiff filed applications for DIB and SSI alleging a disability onset date of March 23, 2004, due to heart disease and back problems. (Tr. 63) Plaintiff's claims were denied initially and on reconsideration. Plaintiff appeared at a hearing before an Administrative Law Judge ("ALJ"). (Tr. 16) On June 26, 2006, the ALJ entered his decision finding Plaintiff not disabled because there are jobs that exist in significant numbers in the national economy that Plaintiff could perform given her age, education, work experience, and

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

residual functional capacity. (Tr. 23) That decision became the Administration's final determination upon denial of review by the Appeals Council on February 27, 2007. (Tr. 4)

## II. MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

In the R&R, the Magistrate Judge recommends affirming the ALJ's finding of non-disability. The Magistrate Judge concluded that Plaintiff failed to prove that her cardiac condition meets the requirements of Listing 4.04(C). The Magistrate Judge noted that Plaintiff declined revascularization, and the records show little complaint about her condition after her medications were adjusted. The Magistrate Judge also concluded that the ALJ properly assessed Plaintiff's credibility and subjective reports of pain. Next, the Magistrate Judge found that the ALJ properly relied upon the opinions of non-examining physicians in determining Plaintiff's residual functional capacity. The Magistrate Judge also found that the ALJ properly applied the Medical-Vocational Guidelines. Finally, the Magistrate Judge found that the ALJ did not err in concluding that Plaintiff's back impairment was not a severe impairment.

Plaintiff argues that the following errors were made: (1) the ALJ erred in failing to find that she meets Listing 4.04(C); (2) the ALJ failed to adequately explain why she does not meet Listing 4.04(C); (3) her failure to undergo surgery recommended by her physician is not a basis for denying benefits; (4) the ALJ improperly weighed medical opinions in the record; and (4) the ALJ improperly relied upon the grids found at 20 C.F.R. Part 404, Subpart P, Appendix 2, at the fifth step of the disability determination.

## III. ANALYSIS

### A. Standard of Review

The Court's review of the Social Security Commissioner's decision is limited to

determining whether the findings are supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen,* 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the Commissioner. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky,* 35 F.3d at 1035, *citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986).

**B.** **Listing 4.04(C)**

Plaintiff argues that she meets Listing 4.04(C), and the ALJ failed to adequately explain why she does not meet Listing 4.04.

Under the Listing of Impairments, if a claimant's impairment satisfies the requirements of a listed impairment, the Secretary will find the claimant disabled without considering age, education, and work experience. *Johnson v. Secretary of HHS*, 794 F.2d 1106, 1110 (6th Cir. 1986). The ALJ must consider whether the claimant's impairment, singly or in combination with another impairment, medically or functionally equals the listings. 20 C.F.R. § 416.924(a). A claimant bears the burden of proving that he or she meets a listing. *See Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir.1999) (explaining that the burden of proving disability remains with the Social Security claimant

at Steps 1 through 4, and does not shift until Step 5). In order to meet a listing, a claimant must meet all of the requirements set forth in the listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).

Listing 4.40(C) provides:

C. Coronary artery disease, demonstrated by angiography (obtained independent of Social Security disability evaluation), and an evaluating program physician, preferably one experienced in the care of patients with cardiovascular disease, has concluded that performance of exercise testing would present a significant risk to the individual, with both 1 and 2:

1. Angiographic evidence revealing:

    a. 50 percent or more narrowing of a nonbypassed left main coronary artery; or

    b. 70 percent or more narrowing of another nonbypassed coronary artery; or

    c. 50 percent or more narrowing involving a long (greater than 1 cm) segment of a nonbypassed coronary artery; or

    d. 50 percent or more narrowing of at least 2 nonbypassed coronary arteries; or

    e. Total obstruction of a bypass graft vessel; and

2. Resulting in marked limitation of physical activity, as demonstrated by fatigue, palpitation, dyspnea, or anginal discomfort on ordinary physical activity, even though the individual is comfortable at rest.

20 C.F.R. Pt. 404, Subpt. P, App. 1 Listing 4.04.

In his written decision, the ALJ considered Plaintiff's coronary artery disease, but found that it did not meet Listing 4.04(C). The ALJ noted that "no doctor has concluded that a stress test would be dangerous to the claimant, as required by 4.04(C). In fact, the

claimant had a stress test in April 2006 (apparently mistakenly dated April 2005)." (Tr. 20) As the ALJ noted, there was evidence in the record that a cardiac catheterization showed blockage, but Plaintiff twice failed to take the advice of her doctors and undergo recatheterization. (Tr. 19, 322, 326) The ALJ also noted that in April of 2006, Plaintiff reported to Dr. Behrens that she felt "quite satisfied with her current condition." (Tr. 19) Therefore Court finds, as did the Magistrate Judge, that Plaintiff has failed to prove that she meets the requirements of Listing 4.04(C).

In addition, the Court finds that the ALJ adequately explained his basis for finding that Plaintiff does not meet the listing. *Cf. Miller v. Commissioner of Social Sec.*, 181 F.Supp.2d 816, 820 (S.D.Ohio 2001) (finding error where ALJ did not discuss evidence or reasons for determining claimant was not disabled at Step Three, or even identify the relevant Listing or Listings; but merely stated a summary conclusion that claimants impairments did not meet or equal any Listed Impairment). The ALJ discussed the evidence in the record related to Plaintiff's condition (Tr. 18-19) and explained that Plaintiff did not meet one of the listings in section 4.00. (Tr. 19) The ALJ specifically addressed Listing 4.04(C) and explained that Plaintiff did not meet the criteria because no doctor had concluded that a stress test would be dangerous. (Id.) Therefore, there is no error on this point.

### C. Failure to follow treatment

Plaintiff argues that her failure to undergo surgery is not a basis for denying disability benefits.

Under the applicable regulations, a claimant "must follow treatment prescribed by your physician if this treatment can restore your ability to work." 20 C.F.R. § 404.1530(a).

If a claimant "does not follow the prescribed treatment without good reason," he or she will not be found disabled. 20 C.F.R. § 404.1530(b). The regulations also provide a general explanation as well as examples of what are acceptable reasons for failing to follow prescribed treatment. 20 C.F.R. § 404.1530(c). The ALJ noted that while Plaintiff's doctor recommended revascularization, Plaintiff declined because she was afraid to do the procedure. (Tr. 19) However, the Sixth Circuit has held that "wholly unsubstantiated and subjective apprehensions on the part of a claimant do not constitute 'good reason' within the meaning of the regulation." *Awad v. Secretary of Health and Human Services*, 734 F.2d 288, 290 (6th Cir. 1984). Because Plaintiff's reservations about the surgery cannot stand as good reason for failing to follow her prescribed treatment, Plaintiff cannot show that it was error to deny benefits on this basis.

### D. Weighing medical opinions

Plaintiff argues that the ALJ failed to give the proper weight to Dr. Menon, whom Plaintiff labels as an examining physician. Plaintiff maintains that it was error for the ALJ to instead rely upon the non-examining physicians in making his RFC assessment. Plaintiff argues that in the Sixth Circuit, "RFC ratings" of non-examining physicians "do not count" as substantial evidence. This is not the law within the Sixth Circuit, and the cases cited by Plaintiff clearly do not stand for this proposition. *See Sherrill v. Secretary of Health and Human Services*, 757 F.2d 803, 805 (6th Cir. 1985) (finding that ambivalent testimony of non-treating physician who does not specialize in psychiatry does not rise to the level of substantial evidence supporting the nonexistence of the claimant's psychiatric impairment); *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987) (finding that opinion of medical advisor cannot provide a sufficient basis for rejecting opinions of treating physicians where

it is contrary to opinion of the claimant's treating physician.").[2]

Plaintiff also appears to argue that Dr. Menon should be given greater weight just by virtue of the fact that he examined Plaintiff. However, determining the proper weight to accord opinions of medical sources requires application of the following factors: examining relationship, treatment relationship, length of treatment, frequency of examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and any other factors which support or contradict the opinion. 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Magistrate Judge correctly noted that where a treating physician's opinion is not entitled to controlling weight, all medical opinions are weighed using these factors. *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 242 (6th Cir. 2007), *citing* 20 C.F.R. § 416.927(d)(2) ("When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors."). The treating physician's opinion will be accorded controlling weight only where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Id.*, *quoting Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

In 2004, Plaintiff first saw Dr. Menon for treatment of her chest pain. (Tr. 170) In addition to treatment notes, Plaintiff submitted two statements from Dr. Menon regarding

---

[2]Plaintiff incorrectly cites to this case as being found at 82$\underline{2}$ F.2d 80 (6th Cir. 1987).

her condition. (See Tr. 320, 237) The ALJ discussed this evidence and the opinions of Dr. Menon. (Tr. 19, 21-22) The ALJ rejected Dr. Menon's opinion to the extent that Dr. Menon found that even minimal exertion would be difficult for Plaintiff. (Tr. 22) The ALJ explained that this finding was contrary to an entirely normal physical examination by Dr. Menon. (Id.) Because Dr. Menon's treatment notes did not support his restrictions, the ALJ gave little weight to his assessment. (Id.) The Court finds that based on the above framework, there is no error in the ALJ's decision on this point.

### E. Use of the Grid

Plaintiff argues that she has both exertional and nonexertional limitations, and therefore it was improper for the ALJ to rely upon the Grid.

The Sixth Circuit has held that "the SSA may not rely on the grids alone to meet its step-five burden where the evidence shows that a claimant has nonexertional impairments that preclude the performance of a full range of work at a given level." *Jordan v. Commissioner of Social Sec.*, 548 F.3d 417, 424 (6th Cir. 2008). While Plaintiff alleged nonexertional limitations, the ALJ found that Plaintiff had the residual functional capacity for the full range of light work. (Tr. 23) Accordingly, it was proper for the ALJ to rely on the grids alone at step five of his analysis.

## IV. CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R. Accordingly, the September 11, 2008 Magistrate Judge's R&R (Doc. 10) is hereby **ADOPTED.** The Court finds that ALJ's decision is supported by substantial evidence and the decision of the ALJ is affirmed.

This matter shall be **CLOSED** and **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

           */s/ Michael R. Barrett*
           Michael R. Barrett, Judge
           United States District Court